IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SI03, INC., | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No: _____ |
| v. | ) |
| | ) Jury Trial Demanded |
| IRON ADDICTS BRAND, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

SI03, Inc. ("SI03") hereby brings this Complaint against Iron Addicts Brand, LLC ("Iron Addicts") for violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a), and alleges as follows:

## PARTIES

1. SI03 is a Delaware corporation with its principal place of business at 4711 Nash Road, Scott City, MO 63780.

2. Iron Addicts is a Florida limited liability corporation with its principal place of business at 1141 South Rogers Circle, Suite 3, Boca Raton, FL 33487.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121(a) because this is an action for violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*

4. This Court has personal jurisdiction over Iron Addicts, which resides in Boca Raton, Florida, which is in Palm Beach County, Florida.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391.

**FACTS**

6. SI03 created its Goliath dietary supplement in 2003, to address the growing market demand for a protein powder dietary supplement with superior quality at an affordable price. Rather than filling its dietary supplement with sugars, fats and low quality proteins, SI03's Goliath product contains complex carbohydrates and a mixture of the best available proteins in order to maximize promotion of muscle growth and post-workout recovery.

7. SI03 offers its GOLIATH dietary supplements in three flavors: Chocolate, Strawberry, and Vanilla.

8. Beginning at least as early as October 10, 2003 and continuing to this day, SI03 has invested substantial sums to promote, market, advertise, and expand sales of its Goliath product in connection with the GOLIATH trademark throughout the United States and abroad.

9. SI03 maintains a website at https://www.si03.com/goliath.php to promote, encourage and facilitate sales of its Goliath product, the contents of which are hereby incorporated by reference.

10. As a result of SI03's continuous and substantial marketing of its product in connection with the trademark GOLIATH, SI03's trademark GOLIATH has acquired distinctiveness and consumers associate the trademark GOLIATH with SI03's dietary supplement.

11. Iron Addicts markets dietary supplements through its website, ironaddictsbrand.com, in connection with marks such as "Goliath", "Sidewalk Kraka", "Sleeve Buster", and "I command you to grow."

12. Iron Addicts offers its "Goliath" dietary supplement in three flavors: "Fruit Fuckin' Punch", "Blue Muthafuckin' Raspberry", and "Muthafuckin' Watermelon."

13. In addition to individual dietary supplements, Iron Addicts markets groups of dietary supplements, including the supplement marketed under the "Goliath" mark, for various purposes. Iron Addicts refers to these groupings as "stacks" and markets them in connection with marks such as "Get That Shit Stack" and "Sidewalk Kraka Stack."

14. Iron Addicts' dietary supplement marketed in connection with the mark "Goliath" is lower quality than SI03's GOLIATH dietary supplement, leading consumers to incorrectly believe that SI03's quality has declined.

15. SI03 previously contacted Iron Addicts' Manager, Aaron Singerman, regarding the consumer confusion that would result from his use of the mark "Goliath" with a dietary supplement, and SI03 requested that Mr. Singerman cease such use in order to avoid consumer confusion with SI03's distinctive GOLIATH trademark.

16. Mr. Singerman did not respond to any of SI03's correspondence, and Iron Addicts has not ceased using the mark "Goliath" with dietary supplements.

17. SI03 has retained the undersigned law firm and is obligated to pay it reasonable attorney's fees and costs.

## COUNT I

## VIOLATION OF LANHAM ACT § 43(a)

18. SI03 incorporates herein by reference the allegations set forth in paragraphs 1-17.

19. Consumers are likely to be confused, and SI03 is being damaged, as a result of Iron Addicts' use of the mark "Goliath" in connection with a dietary supplement.

20. Iron Addicts is aware of SI03's use of its trademark GOLIATH in connection with a dietary supplement at least as a result of correspondence that SI03 sent to Iron Addicts' Manager, Aaron Singerman.

21. Upon information and belief, Iron Addicts has been aware of SI03's use of its trademark GOLIATH since well before SI03 contacted Mr. Singerman because Mr. Singerman has been active in the dietary supplement and nutritional supplement industry since at least September, 2012, by which time SI03 had been marketing its dietary supplement throughout the United States and abroad in connection with its trademark GOLIATH for at least nine years, and SI03's trademark GOLIATH had acquired distinctiveness.

22. Iron Addicts' "Goliath" mark is identical in every way to SI03's trademark GOLIATH. The two marks are spelled the same, sound the same, connote the same idea to consumers, and give the same commercial impression.

23. SI03 markets a dietary supplement in connection with its trademark GOLIATH, and Iron Addicts also markets a dietary supplement in connection with the "Goliath" mark. Iron Addicts' use of a mark that is identical to SI03's mark increases the likelihood that consumers will be confused as to the source of Iron Addicts' dietary supplement, incorrectly believing that Iron Addicts' dietary supplement comes from SI03.

24. SI03 markets its GOLIATH dietary supplement through on-line channels, including its own website and third-party websites such as amazon.com, as well as in in retail stores, and Iron Addicts similarly markets its dietary supplement through on-line channels, including its own website and third-party websites such as amazon.com, as well as in retail stores. Iron Addicts' use of the identical trade channels used by SI03 increases the likelihood that consumers are being confused as to the source of Iron Addicts' dietary supplement.

25. Because Iron Addicts markets and sells its dietary supplement in the same trade channels as SI03, consumers interact with the parties' products and associated marks in a side-by-

side manner, which increases the likelihood of consumer confusion.  As a result, consumers are confused as to the source of Iron Addicts' dietary supplement.

26.     The parties' respective dietary supplements are not sufficiently expensive to suggest that consumers will apply sufficient consideration when making a purchasing decision to differentiate between the parties' relevant products.

27.     SI03 has been continuously using its GOLIATH trademark in connection with a dietary supplement for at least 14 years, and the GOLIATH trademark has achieved distinctiveness in the minds of relevant consumers, thereby giving SI03 the exclusive right to use the GOLIATH trademark in connection with dietary supplements.

28.     Iron Addicts' use of an identical mark in connection with a similar product that is marketed and sold through identical trade channels and under a similar price as SI03's GOLIATH dietary supplement is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Iron Addicts with SI03, and/or as to the origin, sponsorship, or approval by SI03 of Iron Addicts' inferior dietary supplement.

29.     Iron Addicts' violation of the Lanham Act has been knowing and willful.

30.     SI03 has been irreparably harmed, and its harm continues to develop, as a result of Iron Addicts' ongoing violation of the Lanham Act, and SI03 has suffered damages in an amount to be determined at trial.

## **REQUEST FOR RELIEF**

SI03 respectfully requests that this Court enter judgment in SI03's favor against Iron Addicts and that the following relief be granted:

        a.   Judgment that Iron Addicts willfully violated Section 43(a) of the Lanham Act;

        b.   Statutory damages and treble damages;

c. A preliminary and permanent injunction against continued violations of the Lanham Act by Iron Addicts and those acting in concert with Iron Addicts, including without limitation its Manager(s);

d. Compensatory damages and/or disgorgement of Iron Addicts' profit;

e. Punitive damages as allowed by law;

f. Attorneys' fees as allowed by law, including without limitation 15 U.S.C. § 1117(a);

g. Costs pursuant to Fed. R. Civ. P. 54(d) or as otherwise provided by law; and

h. Such other relief as the Court deems just and appropriate.

## JURY DEMAND

SI03 hereby demands a jury trial on all issues so triable.

Dated:  August 21, 2017

Respectfully submitted,

CAHEN LAW, P.A.
1900 Glades Road, Suite 270
Boca Raton, Florida 33431
Telephone: (561) 922-0430

*/s/ Geoffrey M. Cahen*
GEOFFREY M. CAHEN
Florida Bar No. 0013319
geoff@cahenlaw.com

*Counsel for Plaintiff SI03, Inc.*